Filed 3/24/25  P. v. Vasquez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B340427 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA105346-01) |
| v. | |
| YVETTE VASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Judith Levey Meyer, Judge.  Affirmed.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review this appeal of an order denying Yvette Vasquez's petition for resentencing brought under Penal Code[1] section 1172.6. We affirm.

## BACKGROUND

On April 5, 2019, a jury convicted Yvette Vasquez of first degree murder and found true street gang and various firearm use allegations. The trial court sentenced Vasquez to 75 years to life in prison. On September 16, 2022, Vasquez filed a petition for resentencing pursuant to section 1172.6. The trial court appointed counsel and considered briefing from the parties. On July 10, 2024, the trial court denied the petition, finding that Vasquez failed to make a prima facie case for relief because she was not convicted under a felony murder or natural and probable consequences theory nor was malice "improperly applied" to her; rather, she was convicted as a direct aider and abettor to murder. Vasquez timely appealed.

On December 3, 2024, we appointed counsel to represent Vasquez on appeal. On January 31, 2025, counsel filed a no issue brief pursuant to *People v. Delgadillo*. Counsel advised us they had told appellant she may file her own supplemental brief within 30 days. Counsel sent Vasquez transcripts of the record on appeal as well as a copy of the brief.

On February 3, 2025, this court sent Vasquez notice that a brief raising no issues had been filed on her behalf. We advised her she had 30 days within which to submit a supplemental brief or letter stating any issues she believes we should consider. We

---

[1] Statutory references are to the Penal Code.

2

also advised her that if she did not file a supplemental brief, the appeal may be dismissed as abandoned.

On February 26, 2025, Vasquez filed a supplemental brief, in which she contends: 1) she was not guilty of murder because she was not the shooter and was unaware that anyone was going to do a shooting; 2) there was no evidence she controlled possession of the gun used in the killing; 3) she was not present and did not witness the shooting; 4) she has completed self-help groups, completed her education in custody, and works daily on rehabilitating herself; 5) she has a prison job and is write-up free; 6) she thinks often of the pain and hurt the victim's family has been through.

Given Vasquez's contentions on appeal, a recitation of the facts underlying her conviction is not necessary to our decision.

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated the natural and probable consequences doctrine as a basis for liability for murder. It also limited the scope of the felony murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957) (*Lewis*).) Petitions for resentencing carry out the intent of Senate Bill No. 1437, which was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis*, at p. 967.) Petitions under section 1172.6 address convictions where a defendant was not the shooter, but was held vicariously liable on one of several theories of liability identified in the statute.

*Lewis* also held that "petitioners who file a complying petition are to receive counsel upon the filing of a compliant

3

petition." (*Lewis, supra,* 11 Cal.5th at p. 963.)  After appointment of counsel, the trial court assesses when a prima facie case for relief has been made.  However, the prima facie inquiry is limited.  (*Id.* at p. 971.)  In assessing whether a defendant has made a prima facie case for relief under section 1172.6, the trial court is entitled to review the record of conviction, which includes the jury summations, jury instructions, verdict forms, and prior appellate opinions.  (*Id.* at pp. 971–972.)  However, *Lewis* cautioned that although appellate opinions are generally considered to be part of the record of conviction, the prima facie bar was intentionally set very low, the probative value of an appellate opinion is case-specific; a trial court should not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Id.* at p. 972.)  When a trial court denies a section 1172.6 petition based on the failure to make a prima facie case for relief, our review is de novo.  (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

First, that Vasquez was not the actual shooter is immaterial as the jury instructions establish she was prosecuted on a theory of direct aiding and abetting and not on a theory now invalid under Senate Bill No. 1437.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 546 [direct aiding and abetting remains a valid theory after the changes to sections 188 and 189].)

Second, Vasquez challenges the sufficiency of the evidence to support her conviction for murder as an aider and abettor and urges us to consider her rehabilitation efforts.  An appeal from a post-judgment petition for resentencing under section 1172.6 is not a vehicle to raise unrelated claims of error allegedly committed by the trial court; it is not another opportunity to challenge the original judgment on other grounds.  (*People v.*

*Farfan* (2021) 71 Cal.App.5th 942, 947 [the mere filing of a section 1172.6 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings]; *People v. Allison* (2020) 55 Cal.App.5th 449, 461 [a petition for resentencing does not provide a do-over on factual disputes that have already been resolved], disapproved on another ground in *People v. Strong* (2022) 13 Cal.5th 698, 718, fn. 3.) Indeed, section 1172.6 does not afford a retrial or relitigation of every element of a murder conviction.  Rather, Vasquez must allege facts which, if true, would demonstrate that she could not presently be convicted of murder "because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a)(3).)  She has not done so.

We decline to exercise our discretion to conduct an independent review of the record.  (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                                        STRATTON, P. J.

We concur:




            GRIMES, J.                         WILEY, J.


5